FILED
NOV - 5 2007
NOV 5 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| MICHAEL EHRHARDT, | ) |
| PLAINTIFF, | ) ) ) |
| VS. | ) **07CV6246** |
| COMPLETE MECHANICAL SERVICES, | **JUDGE SHADUR** |
| DEFENDANT. | **MAG. JUDGE COLE** |
| | ) |

## COMPLAINT

## SEXUAL HARASSMENT AND RETALIATION

*(TRIAL BY JURY DEMANDED)*

NOW COMES THE PLAINTIFF, MICHAEL EHRHARDT, by his attorneys, the Law Firm of MIRABELLA, KINCAID, FREDERICK & MIRABELLA, P.C, and seeks redress for sexual harassment and retaliation suffered by Plaintiff in violation of the laws of the United States in his capacity as an employee of the Defendant, and in support thereof states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked and authorized pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

### PLAINTIFF

2. PLAINTIFF, MICHAEL EHRHARDT, (hereinafter "MICHAEL EHRHARDT") is a male citizen, residing at 478 N. Blackhawk Drive, Carol Stream, Illinois, in the United States who was employed by DEFENDANT, COMPLETE MECHANICAL SERVICES, beginning on or about July 11, 2005 through on or about March 5, 2006, in the city of St. Charles, in which all

of the unlawful employment practices alleged below were committed, in the State of Illinois, within the Northern District thereof.

## DEFENDANT

3.      DEFENDANT, COMPLETE MECHANICAL SERVICES, (hereinafter referred to as "CMS") an "employer" with more than 15 employees in the State of Illinois, within the meaning of Title VII as amended, is qualified to do business and actually doing business in the State of Illinois and CMS conduct of which MICHAEL EHRHARDT'S claims are based occurred in the State of Illinois, within the Northern District thereof.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      MICHAEL EHRHARDT filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter EEOC Charge #21BA61890) and the Illinois Department of Human Rights (hereinafter IDHR Charge #2006CF3219)(a copy of which is attached hereto and incorporated herein as Exhibit A). After the passage of more than 180 days, a request for the issuance of a Right To Sue Notice was timely made upon the EEOC. Both administrative agencies have had jurisdiction of the Plaintiff's claims for a period well in excess of 180 days, have been unable to negotiate a settlement and have not issued final decisions to date. On September 20, 2007, MICHAEL EHRHARDT received his Right To Sue Notice, a copy of which is attached hereto and incorporated herein as Exhibit B.

## JURY TRIAL DEMANDED

5.      Pursuant to Rule 38 of the Federal Rules of Civil Procedure MICHAEL EHRHARDT hereby demands a trial by jury.

**COUNT I**
**HOSTILE ENVIRONMENT SEXUAL HARASSMENT**
(*Hostile Environment Sexual Harassment in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000(e)-(2)(a)(1)*)

1. MICHAEL EHRHARDT, a male, is a protected person under Title VII of the Civil Rights Act of 1964.

2. From July 11, 2005 through the date of filing, MICHAEL EHRHARDT was employed at COMPLETE MECHANICAL SERVICES in St. Charles, Illinois, as a sheet metal apprentice earning $14.46 per hour, plus $16.00 per hour in additional benefits once he became an apprentice in September 2005.

3. During MICHAEL EHRHARDT'S employment with CMS, he was subjected to unwelcome, offensive, physical and verbal sexual harassment based upon his sex, from his supervisor, FLYNN, which included <u>but was not limited</u> to the following:

   A. On or about July 11, 2005, FLYNN requested that MICHAEL look at the top of a hammer, when MICHAEL did, FLYNN purposely released the hammer head so it would swing down and actually hit MICHAEL on the tip of his penis;

   B. On or about July 11, 2005, FLYNN was holding a tape measure that he requested that MICHAEL look at the arrows, when MICHAEL did, FLYNN purposely released part of the tape measure so it would swing down and it hit MICHAEL in the testicles;

   C. During MICHAEL'S employment with CMS, instead of calling MICHAEL by his name, FLYNN constantly referred to MICHAEL as "Ophelia", "Amelia" or his "bitch;"

   D. Throughout MICHAEL'S employment with CMS, FLYNN would point at objects and compare it to his penis size and then point at a smaller object and say to MICHAEL

- 3 -

that it was the size of his penis. FLYNN would touch machines with long handles, and say "hey Ophelia, like this big." FLYNN would also say to MICHAEL, "it is unusual for a guy to have brains, good looks and a big dick;"

E.　Throughout MICHAEL'S employment, on almost a daily basis FLYNN stated to MICHAEL that he should, "put on red lipstick and give him a blow-job;"

F.　On many occasions, FLYNN asked MICHAEL, "do you eat pussy" and "do you eat your girlfriend out." FLYNN made several comments that MICHAEL should engage in these sexual acts, then FLYNN would make comments to the other employees that "Ophelia does not eat pussy;"

G.　On a regular and frequent basis, FLYNN would state to MICHAEL, "it's okay Mike, you can experiment on me, do you want to go first or second?";

H.　On a regular basis FLYNN would state to MICHAEL comments about "fucking him in the ass;"

I.　On one occasion, FLYNN asked MICHAEL why he looked so sad. In response, MICHAEL stated that his parents had an argument. FLYNN stated to MICHAEL that, "if his parents were not getting along, it was because his dad wasn't eating out his mom good enough;"

J.　Whenever MICHAEL would ask supervisor, FLYNN, what he should do next, instead of giving him direction for work, FLYNN would move aside his work apron and tell MICHAEL to "give him a blow job;"

K.　While putting together gutters, MICHAEL was bent over. FLYNN very quietly, snuck up behind MICHAEL and stood so close to him that they were touching. FLYNN

-4-

then stated to MICHAEL that he was going to "fuck him in the ass." This event occurred several different times whenever MICHAEL was bent over working on projects.

L. On several occasions, FLYNN would grab MICHAEL'S nipples and twist, causing MICHAEL great pain and discomfort;

M. In late January 2006, FLYNN came up behind MICHAEL and stuck his finger into MICHAEL'S right ear and twisted his finger, and pulled it out, and yelled "Wet Willy." As FLYNN walked away, MICHAEL could feel the moisture and wetness in his ear and his ear hurt; and,

N. On one occasion, FLYNN asked MICHAEL if he, "whacked off in the shower." Shortly after this conversation, FLYNN was telling other employees that, "MICHAEL jerks off into a shampoo bottle."

4. The offensive unwelcome sexual harassment by supervisor, FLYNN, had the effect of and did create an intimidating, hostile and offensive working environment for MICHAEL EHRHARDT.

5. That supervisor, FLYNN'S, unwelcome sexual harassment and verbal and physical abuse was sufficiently severe and pervasive such that it created an intimidating, hostile and offensive working environment for MICHAEL EHRHARDT.

6. As a direct result of RESPONDENTS' unwelcome offensive sexual harassment, MICHAEL EHRHARDT suffered damages, including but not limited to, lost wages, severe emotional distress, severe pain and suffering, severe humiliation, damage to professional and personal reputation and severe stress.

WHEREFORE, Plaintiff, MICHAEL EHRHARDT, respectfully requests under Count I, a judgment against the Defendant, CMS, as follows:

A. Compensatory damages for back pay, front pay, bonus and interest thereon;

B. Compensatory damages for the severe humiliation, severe emotional stress, pain and suffering and physical distress caused as a direct and proximate result of CMS' unwelcome, offensive, sexual harassment and intimidating, hostile and offensive working environment, in an amount no less than $100,000.00;

C. Punitive damages in an amount no less than $100,000.00;

D. A reasonable attorney's fee;

E. Costs; and,

F. Such further relief as is equitable and just.

## COUNT II
## RETALIATION
*(Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-3)*

7. MICHAEL EHRHARDT repeats and re-alleges Paragraphs 1 through 6, with the same force and effect as if herein stated.

8. After MICHAEL EHRHARDT could no longer take the continuing sexual harassment from FLYNN and MICHAEL'S repeated objections and requests to FLYNN to stop became futile, MICHAEL reported the sexual harassment to other members of management.

9. In response to MICHAEL EHRHARDT'S report of sexual harassment, the other members of management told MICHAEL to punch FLYNN in the head.

10. After reporting the sexual harassment to others in management, FLYNN began a course of retaliation designed to intimidate, penalize and detrimentally affect the terms, conditions and privileges of MICHAEL EHRHARDT'S continued employment with CMS.

11. Ultimately, MICHAEL EHRHARDT was forced to leave work by doctor's order, because the sexual harassment and abusive environment by FLYNN, which was sanctioned and accepted by management of CMS, was sufficiently severe and pervasive such that it created intolerable working conditions for MICHAEL EHRHARDT.

12. The Defendant intended to make MICHAEL EHRHARDT'S working conditions intolerable so that he would be forced to leave work.

13. MICHAEL EHRHARDT was forced to leave work because of the hostile work environment, sexual harassment and retaliation for him exercising his rights.

14. As a direct result of the retaliation, MICHAEL EHRHARDT suffered damages, including but not limited to lost wages, severe emotional distress, severe pain and suffering, severe humiliation, damage to professional and personal reputation and severe stress.

WHEREFORE, Plaintiff, MICHAEL EHRHARDT, respectfully requests under Count II, a judgment against the Defendant, CMS, as follows:

A. Compensatory damages for back pay, front pay, bonus and interest thereon;

B. Compensatory damages for the severe humiliation, severe emotional stress, pain and suffering and physical distress caused as a direct and proximate result of CMS' retaliation, in an amount no less than $100,000.00;

C. Punitive damages in an amount no less than $100,000.00;

D. A reasonable attorney's fee;

E. Costs; and,

F. Such further relief as is equitable and just.

Respectfully submitted by:

*/s/ Michael J. Ehrhardt*

MICHAEL EHRHARDT

I, MICHAEL EHRHARDT, being first duly sworn on oath, depose and state under penalty of perjury that I am the Plaintiff in this Complaint, that I have read the foregoing; and that all of the allegations contained therein are true and correct.

*/s/ Michael L. Ehrhardt*
MICHAEL EHRHARDT

SUBSCRIBED and SWORN to
before me this 25th day
of October, 2007.

*/s/ Melissa M. Formenti*
Notary Public

OFFICIAL SEAL
MELISSA M FORMENTI
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 03/12/08

Counsel for the Plaintiff affixes his signature hereto and on information and belief is of the opinion that the foregoing is true and accurate and conforms in good faith with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

*/s/ George Frederick*
George Frederick of Mirabella & Kincaid, P.C.,
One of Plaintiff's Attorneys

Mirabella, Kincaid, Frederick & Mirabella, P.C.
DuPage County Attorney No. 58500
1737 S. Naperville Road, Suite 100
Wheaton, IL  60187
(630) 665-7300
S:\GSF\Ehrhardt, Michael\Complaint.federal1.DOC

-8-

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form.

\* 06M0503.02

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR  ☐ EEOC | 2006CF3219 |

## Illinois Department of Human Rights and EEOC

| NAME (Indicate Mr. Ms. Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Mr. Michael Ehrhardt | 630/690-7137 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 478 N. Blackhawk Drive | Carol Stream, IL 60188 | 08/20/87 |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME**

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code) |
|---|---|---|
| Complete Mechanical Services | 15+ | 630/584-1182 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 3660 Swenson Ave. | St. Charles, IL 60174 | DuPage |

**CAUSE OF DISCRIMINATION BASED ON:**
sexual harassment; retaliation

**DATE OF DISCRIMINATION**
EARLIEST (ADEA/EPA)    LATEST (ALL)
07/11/05 – 03/05/06
☐ CONTINUING ACTION

**THE PARTICULARS ARE (If additional space is needed attach extra sheets)**

See attached Charge.

EXHIBIT A

DEPT. OF HUMAN RIGHTS
SWITCHBOARD

MAY 0 3 2006

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME

Melissa Formenti    4/21/06
NOTARY SIGNATURE    MONTH DATE-YEAR

OFFICIAL SEAL
MELISSA M FORMENTI
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 03/12/08

NOTARY SEAL

X Michael A. Ehrhardt
SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

FORM 5 (5/05)

## CHARGE OF DISCRIMINATION TO THE

## ILLINOIS DEPARTMENT OF HUMAN RIGHTS AND EEOC

### COMPLAINANT

I. COMPLAINANT, MICHAEL EHRHARDT, (hereinafter, "MICHAEL") is a male citizen, born, August 20, 1987 (presently age 18), residing at 478 N. Blackhawk Drive, Carol Stream, Illinois, in the United States who was employed by RESPONDENT, COMPLETE MECHANICAL SERVICES, beginning on or about July 11, 2005 through on or about March 5, 2006, in the city of St. Charles, in which the unlawful employment practices alleged below were committed, within the State of Illinois.

### RESPONDENT

II. 1) RESPONDENT, COMPLETE MECHANICAL SERVICES, (hereinafter, "CMS") an "employer" with more than 15 employees in the State of Illinois, within the meaning of the Illinois Human Rights Act and Title VII as amended, is qualified to do business and actually doing business at 3660 Swenson Avenue, St. Charles, Illinois 60174, in the State of Illinois and the RESPONDENT'S conduct of which MICHAEL'S claims are based occurred in the State of Illinois.

### COUNT I

#### HOSTILE ENVIRONMENT SEXUAL HARASSMENT
*(Hostile Environment Sexual Harassment in violation of Section 2-102(D) of the Illinois Human Rights Act and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000(e)-(2)(a)(1))*

1. MICHAEL, a male, is a protected person under both the Illinois Human Rights Act and Title VII of the Civil Rights Act of 1964.

2. From July 11, 2005 through on or about March 5, 2006, MICHAEL was employed at COMPLETE MECHANICAL SERVICES in St. Charles, Illinois, as a sheet metal apprentice

1

earning $14.46 per hour, plus $16.00 per hour in additional benefits once he became an apprentice in September 2005.

3. During MICHAEL'S employment with CMS, he was subjected to unwelcome, offensive, physical and verbal sexual harassment based upon his sex, from his supervisor, FLYNN, which included <u>but was not limited</u> to the following:

A. On or about July 11, 2005, FLYNN requested that MICHAEL look at the top of a hammer, when MICHAEL did, FLYNN purposely released the hammer head so it would swing down and actually hit MICHAEL on the tip of his penis;

B. On or about July 11, 2005, FLYNN was holding a tape measure that he requested that MICHAEL look at the arrows, when MICHAEL did FLYNN purposely released part of the tape measure so it would swing down and it hit MICHAEL in the testicles;

C. During MICHAEL'S employment with CMS, instead of calling MICHAEL by his name, FLYNN constantly referred to MICHAEL as "Ophelia", "Amelia" or his "bitch;"

D. Throughout MICHAEL'S employment with CMS, FLYNN would point at objects and compare it to his penis size and then point at a smaller object and say to MICHAEL that it was the size of his penis. FLYNN would touch machines with long handles, and say "hey Ophelia, like this big." FLYNN would also say to MICHAEL, "it is unusual for a guy to have brains, good looks and a big dick;"

E. Throughout MICHAEL'S employment, on almost a daily basis FLYNN stated to MICHAEL that he should, "put on red lipstick and give him a blow-job;"

F. On many occasions, FLYNN asked MICHAEL, "do you eat pussy" and "do you eat your girlfriend out." FLYNN made several comments that MICHAEL should engage in

2

these sexual acts; then FLYNN would make comments to the other employees that "Ophelia does not eat pussy;"

      G.    On a regular and frequent basis, FLYNN would state to MICHAEL, "it's okay Mike, you can experiment on me, do you want to go first or second?";

      H.    On a regular basis FLYNN would state to MICHAEL comments about "fucking him in the ass;"

      I.    On one occasion, FLYNN asked MICHAEL why he looked so sad. In response, MICHAEL stated that his parents had an argument. FLYNN stated to MICHAEL that, "if his parents were not getting along, it was because his dad wasn't eating out his mom good enough;"

      J.    Whenever the secretary would come out of her office, into the shop, FLYNN would call MICHAEL "elf ears," explaining that the secretary would give MICHAEL "elf ears" by grabbing his ears and pulling hard, if MICHAEL was to perform oral sex on her. One day in particular when FLYNN repeatedly made these comments is when the secretary was to take MICHAEL in her vehicle to pick up the company truck, which was being serviced;

      K.    On one occasion, FLYNN wrote on part of MICHAEL'S union card, "Pussy Eater;"

      L.    Whenever MICHAEL would ask supervisor, FLYNN, what he should do next, instead of giving him direction for work, FLYNN would move aside his work apron and tell MICHAEL to "give him a blow job;"

      M.    While putting together gutters, MICHAEL was bent over. FLYNN very quietly, snuck up behind MICHAEL and stood so close to him that they were touching. FLYNN then stated to MICHAEL that he was going to "fuck him in the ass." This event occurred several different times whenever MICHAEL was bent over working on projects.

N. On several occasions, FLYNN would grab MICHAEL'S nipples and twist, causing MICHAEL great pain and discomfort;

O. In late January 2006, FLYNN came up behind MICHAEL and stuck his finger into MICHAEL'S right ear and twisted his finger, and pulled it out, and yelled "Wet Willy." As FLYNN walked away, MICHAEL could feel the moisture and wetness in his ear and his ear hurt; and,

P. On one occasion, FLYNN asked MICHAEL if he, "whacked off in the shower." Shortly after this conversation, FLYNN was telling other employees that, "MICHAEL jerks off into a shampoo bottle."

4. The offensive unwelcome sexual harassment by supervisor, FLYNN, had the effect of and did create an intimidating, hostile and offensive working environment for MICHAEL.

5. The sexual harassment and abusive environment perpetrated by MICHAEL'S supervisor was sufficiently severe and pervasive such that it created intolerable working conditions for MICHAEL.

6. That supervisor, FLYNN'S, unwelcome sexual harassment and verbal and physical abuse was sufficiently severe and pervasive such that it created an intimidating, hostile and offensive working environment for MICHAEL.

7. As a direct result of RESPONDENT'S unwelcome offensive sexual harassment, MICHAEL suffered damages, including but not limited to, lost wages, severe emotional distress, severe pain and suffering, severe humiliation, damage to professional and personal reputation and severe stress.

4

WHEREFORE, COMPLAINANT, MICHAEL EHRHARDT, respectfully requests a judgment against RESPONDENT, COMPLETE MECHANICAL SERVICES, under Count I, as follows:

    A.    Compensatory damages for back pay, front pay, bonus and interest thereon;

    B.    Compensatory damages for the severe humiliation, severe emotional stress, pain and suffering and physical distress caused as a direct and proximate result of the sexual harassment by RESPONDENT;

    C.    Punitive damages;

    D.    A reasonable attorney's fee;

    E.    Costs; and,

    F.    Such further relief as is equitable and just.

## COUNT II
## RETALIATION

*(Retaliation in violation of Section 6-101(A) of the Illinois Human Rights Act and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-3)*

    8.    MICHAEL repeats and re-alleges Paragraphs 1 through 7, with the same force and effect as if herein stated.

    9.    After MICHAEL could no longer take the continuing sexual harassment from FLYNN and MICHAEL'S repeated objections and requests to FLYNN to stop became futile, MICHAEL reported the sexual harassment to other members of management.

    10.    After reporting the sexual harassment to other members of management, wherein MICHAEL was engaging in a protected activity under the Acts by reporting sexual harassment, FLYNN began a course of retaliation designed to intimidate, penalize and detrimentally affect the terms, conditions and privileges of MICHAEL'S continued employment with CMS.

5

11. Ultimately, MICHAEL was forced to leave work by doctor's order, because the sexual harassment and abusive environment by FLYNN, which was sanctioned and accepted by management of CMS, was sufficiently severe and pervasive such that it created intolerable working conditions for MICHAEL.

12. RESPONDENT intended to make MICHAEL'S working conditions intolerable so that he would be forced to leave work.

13. MICHAEL was forced to leave work because of the hostile work environment, sexual harassment and retaliation for him exercising his rights under the Acts.

14. As a direct result of the retaliation by RESPONDENT, MICHAEL suffered damages, including but not limited to lost wages, severe emotional distress, severe pain and suffering, severe humiliation, damage to professional and personal reputation and severe stress.

WHEREFORE, COMPLAINANT, MICHAEL EHRHARDT, respectfully requests a judgment against RESPONDENT, COMPLETE MECHANICAL SERVICES, under Count II, as follows:

A. Compensatory damages for back pay, front pay, bonus and interest thereon;

B. Compensatory damages for the severe humiliation, severe emotional stress, pain and suffering and physical distress caused as a direct and proximate result of the retaliation;

C. Punitive damages;

D. A reasonable attorney's fee;

E. Costs; and,

F. Such further relief as is equitable and just.

Respectfully submitted by:

_____
MICHAEL EHRHARDT

6

I, MICHAEL EHRHARDT being first duly sworn on oath, depose and state under penalty of perjury that I am the Complainant in this Charge, that I have read the foregoing; and that all of the allegations contained therein are true and correct.

_____
MICHAEL EHRHARDT

SUBSCRIBED and SWORN to
before me this 21st day
of April 2006.

_____
Notary Public

OFFICIAL SEAL
MELISSA M FORMENTI
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 03/12/08

Counsel for the Complainant affixes his signature hereto and on information and belief is of the opinion that the foregoing is true and accurate.

_____
George Frederick of Mirabella, Kincaid,
Frederick & Mirabella, P.C.,
One of Complainant's Attorneys

Mirabella, Kincaid, Frederick & Mirabella, P.C.
DuPage County Attorney No. 58500
1776 S. Naperville Road
Building A, Suite 103
Wheaton, Illinois 60187
(630) 665-7300

7

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Michael Ehrhardt
478 N Blackhawk Dr
Carol Stream, IL 60188

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

CERTIFIED MAIL#: 7003 3110 0004 0947 4283

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2006-01890 | Armernola P. Smith, State & Local Coordinator | (312) 886-5973 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_
John P. Rowe,
District Director

September 20, 2007
(Date Mailed)

Enclosures(s)

cc: COMPLETE MECHANICAL SERVICE
3660 Swenson Ave
St Charles, IL 60174

EXHIBIT B