UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL EHRHARDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 CV 6246 |
| | ) | |
| COMPLETE MECHANICAL SERVICES, INC., | ) | District Judge Shadur |
| | ) | Mag. Judge Cole |
| Defendant. | ) | |

**ANSWER OF COMPLETE MECHANICAL SERVICES, INC.**
**TO PLAINTIFF'S COMPLAINT**

NOW COMES, the Defendant, Complete Mechanical Services, Inc. ("CMS"), by and through its attorneys Cornelius F. Riordan and Regina E. Gaebel of Riordan, Donnelly, Lipinski & McKee, Ltd., and for its Answer to the Complaint of Plaintiff Michael Ehrhardt ("Ehrhardt" or "Plaintiff") states the following:

JURISDICTION AND VENUE

1.      Jurisdiction of this court is invoked and authorized pursuant to Title VII of the Civil Rights Act of 1964, 42 U,S,C. §§ 2000e et seq.

**ANSWER:**   CMS admits the allegations contained in paragraph 1.

PLAINTIFF

2.      PLAINTIFF, MICHAEL EHRHARDT, (hereinafter "MICHAEL EHRHARDT") is a male citizen, residing at 478 N. Blackhawk Drive, Carol Stream, Illinois, in the United States who was employed by DEFENDANT, COMPLETE MECHANICAL SERVICES, beginning on or about July 11, 2005 through on or about March 5, 2006, in the city of St Charles, in which all

of the unlawful employment practices alleged below were committed, in the State of Illinois, within the Northern District thereof.

**ANSWER:** CMS admits that plaintiff was employed by it commencing on or about July 11, 2005 and denies that plaintiff's employment ended on or about March 6, 2006. CMS admits that plaintiff is a male citizen. CMS admits that the alleged conduct, if true, occurred in this district. CMS is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's address.

## DEFENDANT

3. DEFENDANT, COMPLETE MECHANICAL SERVICES, (hereinafter referred to as "CMS") an "employer" with more than 15 employees in the State of Illinois, within the meaning of Title VII as amended, is qualified to do business and actually doing business in the State of Illinois and CMS conduct of which MICHAEL EHRHARDT'S claims are based occurred in the State of Illinois, within the Northern District thereof.

**ANSWER:** CMS admits that it employs more than 15 employees in the state of Illinois and is qualified to do business and actually does business in the state of Illinois. CMS admits that the conduct complained of, if true, occurred in the State of Illinois and within the Northern District of Illinois.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. MICHAEL EHRHARDT filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter EEOC Charge #21 BA61890) and the Illinois Department of Human Rights (hereinafter IDHR Charge #2006CF3219) (a copy of which is attached hereto and incorporated herein as Exhibit A). After the passage of more than 180 days,

a request for the issuance of a Right To Sue Notice was timely made upon the EEOC. Both administrative agencies have had jurisdiction of the Plaintiff's claims for a period well in excess of 180 days, have been unable to negotiate a settlement and have not issued final decisions to date. On September 20, 2007, MICHAEL EHRHARDT received his Right To Sue Notice, a copy of which is attached hereto and incorporated herein as Exhibit B.

**ANSWER:** CMS admits that a copy of Plaintiff's IDHR and EEOC Charge appears to be attached as Exhibit A. CMS admits that more than 180 days has passed since Ehrhardt filed its charge against CMS and that a settlement has not been negotiated between the parties, but denies that both administrative agencies have not made final decisions. CMS admits that Exhibit B appears to be a Notice of Right to Sue sent to Ehrhardt by the EEOC wherein the EEOC terminates the processing of Ehrhardt's EEOC charge against CMS. CMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.

<u>JURY TRIAL DEMANDED</u>

5. Pursuant to Rule 38 of the Federal Rules of Civil Procedure MICHAEL EHRHARDT hereby demands a trial by jury.

**ANSWER:** CMS admits that plaintiff has demanded a jury trial.

**COUNT I**
**<u>HOSTILE ENVIRONMENT SEXUAL HARASSMENT</u>**
*(Hostile Environment Sexual Harassment in violation of Title VII of the Civil Rights Act of1964,as amended 42 USC § 2000(e)-(2)(a)(1))*

1. MICHAEL EHRHARDT, a male, is a protected person under Title VII of the Civil Rights Act of 1964.

**ANSWER:**   CMS admits that Ehrhardt is a male, but denies that he is a protected person under Title VII of the Civil Rights Act of 1964.

2. From July 11, 2005 through the date of filing, MICHAEL EHRHARDT was employed at COMPLETE MECHANICAL SERVICES in St. Charles, Illinois, as a sheet metal apprentice earning $14.46 per hour, plus $16.00 per hour in additional benefits once he became an apprentice in September 2005.

**ANSWER:**   CMS denies that from July 11, 2005 through the date of filing of the complaint herein Ehrhardt was employed at CMS as a sheet metal apprentice. CMS admits that the wage scale alleged in paragraph 2 of Count I was applicable to Ehrhardt upon his entering the sheet metal workers union local apprentice program in September 2005.

3. During MICHAEL EHRHARDT'S employment with CMS, he was subjected to unwelcome, offensive, physical and verbal sexual harassment based upon his sex, from his supervisor, FLYNN, which included but was not limited to the following:

    A. On or about July 11, 2005, FLYNN requested that MICHAEL look at the top of a hammer, when MICHAEL did, FLYNN purposely released the hammer head so it would swing down and actually hit MICHAEL on the tip of his penis;

    B. On or about July 11, 2005, FLYNN was holding a tape measure that he requested that MICHAEL look at the arrows, when MICHAEL did, FLYNN purposely released part of the tape measure so it would swing down and it hit MICHAEL in the testicles;

    C. During MICHAEL'S employment with CMS, instead of calling MICHAEL by his name, FLYNN constantly referred to MICHAEL as "Ophelia", "Amelia" or his "bitch;"

  D. Throughout MICHAEL'S employment with CMS, FLYNN would point at objects and compare it to his penis size and then point at a smaller object and say to MICHAEL that it was the size of his penis. FLYNN would touch machines with long handles, and say "hey Ophelia, like this big." FLYNN would also say to MICHAEL, "it is unusual for a guy to have brains, good looks and a big dick;"

  E. Throughout MICHAEL'S employment, on almost a daily basis FLYNN stated to MICHAEL that he should, "put on red lipstick and give him a blow-job;"

  F. On many occasions, FLYNN asked MICHAEL, "do you eat pussy" and "do you eat your girlfriend out." FLYNN made several comments that MICHAEL should engage in these sexual acts, then FLYNN would make comments to the other employees that "Ophelia does not eat pussy;"

  G. On a regular and frequent basis, FLYNN would state to MICHAEL, "it's okay Mike, you can experiment on me, do you want to go first or second?";

  H. On a regular basis FLYNN would state to MICHAEL comments about "fucking him in the ass;"

  I. On one occasion, FLYNN asked MICHAEL why he looked so sad. In response, MICHAEL stated that his parents had an argument. FLYNN stated to MICHAEL that, "if his parents were not getting along, it was because his dad wasn't eating out his mom good enough;"

  J. Whenever MICHAEL would ask supervisor, FLYNN, what he should do next, instead of giving him direction for work, FLYNN would move aside his work apron and tell MICHAEL to "give him a blow job;"

K.  While putting together gutters, MICHAEL was bent over. FLYNN very quietly, snuck up behind MICHAEL and stood so close to him that they were touching. FLYNN then stated to MICHAEL that he was going to "fuck him in the ass." This event occurred several different times whenever MICHAEL was bent over working on projects.

L.  On several occasions, FLYNN would grab MICHAEL'S nipples and twist, causing MICHAEL great pain and discomfort;

M.  In late January 2006, FLYNN came up behind MICHAEL and stuck his finger into MICHAEL'S right ear and twisted his finger, and pulled it out, and yelled "Wet Willy." As FLYNN walked away, MICHAEL could feel the moisture and wetness in his ear and his ear hurt; and,

N.  On one occasion, FLYNN asked MICHAEL if he, "whacked off in the shower."  Shortly after this conversation, FLYNN was telling other employees that, "MICHAEL jerks off into a shampoo bottle."

**ANSWER:**  CMS denies the allegations contained in Paragraph 3 of Count I, including the allegations contained in subparagraphs A through N thereof.

4.  The offensive unwelcome sexual harassment by supervisor, FLYNN, had the effect of and did create an intimidating, hostile and offensive working environment for MICHAEL EHRHARDT.

**ANSWER:**  CMS denies the allegations contained in Paragraph 4 of Count I.

5.  That supervisor, FLYNN'S, unwelcome sexual harassment and verbal and physical abuse was sufficiently severe and pervasive such that it created an intimidating, hostile and offensive working environment for MICHAEL EHRHARDT.

**ANSWER:**  CMS denies the allegations contained in Paragraph 5 of Count I.

6.       As a direct result of RESPONDENTS' unwelcome offensive sexual harassment, MICHAEL EHRHARDT suffered damages, including but not limited to, lost wages, severe emotional distress, severe pain and suffering, severe humiliation, damage to professional and personal reputation and severe stress.

**ANSWER:**    CMS denies the allegations contained in Paragraph 6 of Count I.

WHEREFORE, Defendant, Complete Mechanical Services, Inc. denies that Ehrhardt is entitled to any of the relief sought in Count I and requests that Count I be dismissed and that CMS be awarded attorneys' fees and costs.

## COUNT II
## RETALIATION
*(Retaliation in violation of Title VII of the Civil Rights Act of1964, as amended* 42 *U.S.C. § 2000e-3)*

7.       MICHAEL EHRHARDT repeats and re-alleges Paragraphs 1 through 6, with the same force and effect as if herein stated.

**ANSWER:**    CMS repeats and realleges its answers to paragraphs 1 through 6 of Count I as its answer to paragraph 7 of Count II as if fully set forth herein..

8.       After MICHAEL EHRHARDT could no longer take the continuing sexual harassment from FLYNN and MICHAEL'S repeated objections and requests to FLYNN to stop became futile, MICHAEL reported the sexual harassment to other members of management.

**ANSWER:**    CMS admits that on or about February 3, 2006 Ehrhardt told Rodger Leonard, an employee of CMS, that Thomas Flynn had harassed him and that he could not "take it any longer." CMS denies that Thomas Flynn and Rodger Leonard are members of management of CMS. CMS is without sufficient knowledge or

>information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of Count II.

9. In response to MICHAEL EHRHARDT'S report of sexual harassment, the other members of management told MICHAEL to punch FLYNN in the head.

**ANSWER:** CMS denies the allegations contained in paragraph 9 of Count II.

10. After reporting the sexual harassment to others in management, FLYNN began a course of retaliation designed to intimidate, penalize and detrimentally affect the terms, conditions and privileges of MICHAEL EHRHARDT'S continued employment with CMS.

**ANSWER:** CMS denies the allegations contained in Paragraph 10 of Count II.

11. Ultimately, MICHAEL EHRHARDT was forced to leave work by doctor's order, because the sexual harassment and abusive environment by FLYNN, which was sanctioned and accepted by management of CMS, was sufficiently severe and pervasive such that it created intolerable working conditions for MICHAEL EHRHARDT.

**ANSWER:** CMS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation that Ehrhardt was forced to leave work by doctor's orders. CMS denies the remaining allegations contained in paragraph 11 of Count II.

12. The Defendant intended to make MICHAEL EHRHARDT'S working conditions intolerable so that he would be forced to leave work.

**ANSWER:** CMS denies each and every allegation contained in Paragraph 12 of Count II.

13. MICHAEL EHRHARDT was forced to leave work because of the hostile work environment, sexual harassment and retaliation for him exercising his rights.

**ANSWER:** CMS denies each and every allegation contained in Paragraph 13 of Count II.

14.     As a direct result of the retaliation, MICHAEL EHRHARDT suffered damages, including but not limited to lost wages, severe emotional distress, severe pain and suffering, severe humiliation, damage to professional and personal reputation and severe stress.

**ANSWER:**   CMS denies each and every allegation contained in Paragraph 14 of Count II.

WHEREFORE, the Defendant, Complete Mechanical Services, Inc., denies that Michael Ehrhardt is entitled to any of the relief sought in Count II and that Count II be dismissed and that CMS be awarded attorneys' fees and costs.

                                COMPLETE MECHANICAL SERVICES, INC.

                                By:____/s/ Cornelius F. Riordan_____
                                     One of its Attorneys

Cornelius F. Riordan (#2342634
email: criordan@rdlmlaw.com )
Regina E. Gaebel (#6282939)
email: rgaebel@rdlmlaw.com
*Attorneys for Complete Mechanical Services, Inc.*
Riordan, Donnelly, Lipinski & McKee, Ltd.
10 N. Dearborn Street, 4th Floor
Chicago, IL 60602
(312) 663-9400
(312) 663-1028 (fax)

**CERTIFICATE OF SERVICE**

    The undersigned, under 28 U.S.C. §1746 and under penalties of perjury, certifies that on January 8, 2008, before the hour of 11:59 p.m., she personally filed, through the ECF system, and thereby caused to be served a true and correct copy of the foregoing

**ANSWER OF COMPLETE MECHANICAL SERVICES, INC.
TO PLAINTIFF'S COMPLAINT**

upon   George S. Frederick

         Mirabella, Kincaid, Frederick & Mirabella, P.C.

         1737 Naperville Road, Suite 100

         Wheaton, IL 60187

                                        /s/   Regina E. Gaebel
                                              Regina E. Gaebel